# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| STRALIA MARITIME S.A., *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-1486 |
| | § | |
| PRAXIS ENERGY AGENTS DMCC, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are (1) a motion to dismiss filed by defendant Praxis Energy Agents DMCC ("Praxis DMCC") (Dkt. 20); and (2) a motion to vacate filed by Praxis DMCC and garnishee Praxis Energy Agents LLC ("Praxis LLC") (Dkt. 21). Plaintiffs Stralia Maritime S.A. and Aerio Shipmanagement LTD (collectively, "Plaintiffs") responded. Dkt. 24. Praxis DMCC and Praxis LLC replied. Dkt. 25. Having considered the motions, response, reply, and applicable law, the court is of the opinion that both motions should be GRANTED.

## I. BACKGROUND

This is an action for a writ of attachment and garnishment under Supplemental Admiralty Rule B. Dkt. 1. Plaintiffs filed suit against Praxis DMCC in the United States District Court for the Southern District of New York. *Id.* at 7–9. Plaintiffs claimed $455,634 in damages and filed the current action in this court to obtain security for their claims. *Id.*

Plaintiffs requested, and the court granted, a writ of maritime attachment and garnishment for all of Praxis DMCC's property in the Southern District of Texas up to $455,634. Dkt. 4. The writ also attached "any and all funds, credits, or other property of whatsoever nature of [Praxis DMCC] in the custody or control of [Praxis LLC]." *Id.* Praxis LLC filed a verified answer that it

was not indebted to Praxis DMCC and did not have custody of any Praxis DMCC property. Dkts. 16, 22. Praxis DMCC and Praxis LLC then filed motions to dismiss the case and vacate the writ of attachment and garnishment. Dkt. 20, 21. Notwithstanding Praxis LLC's representations, Plaintiffs contend that Praxis LLC possesses property to which the writ could attach. Dkt. 24 at 5–7. Plaintiffs claim that they are entitled to further discovery on the issue. *Id.*

## II. ANALYSIS

"Once a defendant's property has been attached, the defendant can move to vacate the attachment under Rule E(4)(f) [of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions], and a district court must vacate an attachment if the plaintiff fails to sustain his burden of showing that he has satisfied the requirements of Rules B and E." *Naftomar Shipping & Trading Co. v. KMA Int'l S.A.*, No. V–11–2, 2011 WL 888951, at *2 (S.D. Tex. Mar. 10, 2011) (internal quotations omitted). Rules B and E require Plaintiffs to show that "the defendant's property may be found within the district." *Id.* Here, Praxis LLC filed a verified answer stating that it "is not indebted to Praxis DMCC and is not in possession of, nor does it have custody of, any goods, chattels, credits, or effects of Praxis DMCC." Dkt. 16 at 1. Plaintiffs claim that they are entitled to further discovery to test the veracity of Praxis LLC's answer. Dkt. 24 at 5–7.

This court has previously considered Plaintiffs' argument and rejected it. In *Geneve Butane, Inc. v. Nat'l Oil Corp.*, No. H–12–2205, 2012 WL 12863889, at *1 (S.D. Tex. Nov. 7, 2012) (Atlas, J.), *aff'd* 551 Fed. App'x 185, 186 (5th Cir. 2014)), the garnishees in a Rule B action provided sworn answers that they did not have any property belonging to the defendant. When the plaintiff requested more discovery, the court denied the request. *Id.* at *2. The court noted that in each case where further discovery had been authorized, "there was a *res* present in the district that had been attached before additional discovery was required." *Id.* The court further reasoned:

2

> "To the extent this Court has the authority to require Garnishees to provide additional discovery in a case in which no *res* is present in the district, the Court declines to do so. Each Garnishee has stated under oath that it has no contracts with NOC and, as a result, there are none to produce. Plaintiff's unsupported, generalized belief that Garnishees' sworn interrogatory responses are untrue . . . is an inadequate basis to prolong this matter at further expense to Garnishees."

*Id.*

Here, both Praxis LLC and Praxis DMCC have represented that there is no *res* in the district to which the issued writ could attach. Dkts. 16 (verified answer), 20 at 4 (motion to dismiss). Plaintiffs provide no evidence for their assertion that these representations are false. Rather, Plaintiffs rely on their own generalized beliefs about the nature of the relationship between Praxis LLC and Praxis DMCC. Dkt. 24 at 6. Plaintiffs' complaint that Praxis LLC's statements are "unsupported" ignores the fact that it is Plaintiffs, not Praxis LLC, who must satisfy the requirements of Rules B and E. *Id.*; *Naftomar Shipping & Trading Co.*, 2011 WL 888951, at *2. *Geneve Butane* makes clear that, without evidence of untruthfulness by Praxis LLC, Plaintiffs are not entitled to further discovery under Rule B. 2012 WL 12863889, at *1; *accord Agrocooperative Ltd. v. Sonangol Shipping Angola (Luanda) Limitada*, No. H–14–1707, 2015 WL 138114, at *8 (S.D. Tex. Jan 8, 2015)("An answer under oath is sufficient to satisfy Supplemental Rule B; Garnishees need not produce the requested documentary support.").

Because Plaintiffs cannot show that the defendant has property in the district, Plaintiffs have failed to carry their burden of satisfying the requirements of Rules B and E. *See Naftomar Shipping & Trading Co.*, 2011 WL 888951, at *2. Accordingly, Praxis DMCC and Praxis LLC's motion to vacate (Dkt. 21) is GRANTED. The court's order (Dkt. 4) authorizing the issuance of the writ of attachment and garnishment is VACATED.

When attachment forms the jurisdictional basis of a case, a defendant is entitled to dismissal if it shows that the attachment should be vacated. *Oldendorff Carriers GmbH & Co. v. Grand China Shipping (Hong Kong) Co.*, No. C–12–074, 2013 WL 1628358, at *2 (S.D. Tex. Mar. 28, 2013). In this Rule B case, the attachment serves as the basis for personal jurisdiction over the defendant. *See* Dkt. 1 at 2. Because the court vacates the attachment order, the court no longer has jurisdiction over Praxis DMCC. Accordingly, Praxis DMCC's motion to dismiss is GRANTED.

### III. CONCLUSION

Praxis DMCC and Praxis LLC's motion to vacate (Dkt. 21) is GRANTED. The court's order (Dkt. 4) authorizing the issuance of the writ of attachment and garnishment is VACATED. Praxis DMCC's motion to dismiss (Dkt. 20) is GRANTED. Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE. The court will enter a final judgment consistent with this order.

Signed at Houston, Texas on August 31, 2018.

_____
Gray H. Miller
United States District Judge

4